■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBERT ZIENTEK, Appellant.—Decision and order entered January 19, 1979 unanimously vacated, judgment of conviction insofar as it imposes sentence reversed, on the law, and otherwise affirmed, and defendant remanded to Supreme Court, Erie County for resentencing in accordance with the following memorandum: In 1975 defendant was charged in three separate indictments with several crimes including murder in the second degree, a class A-I felony. In satisfaction of all the charges contained in the indictments, the defendant pleaded guilty to arson in the second degree, arson in the third degree, and to the reduced charge of assault in the second degree, which are class B, C and D felonies respectively. On December 7, 1976 defendant was sentenced to the following indeterminate terms of imprisonment to run concurrently: on the charge of arson in the second degree, a minimum of 8⅓ years to a maximum of 25 years; on the charge of arson in the third degree, a minimum of five years to a maximum of 15 years; and on the charge of assault in the second degree, a minimum of 2⅓ years to a maximum of 7 years. On appeal to this court the defendant argued that the minimum terms of imprisonment were unduly harsh and excessive. The case was argued before us on December 8, 1978. On December 12, 1978 this court granted defendant permission to file a supplemental brief. We unanimously affirmed the judgment of conviction on January 19, 1979. Defendant's supplemental brief in which he argues that the sentencing court abused its discretion in not affording him youthful offender treatment is now before us. Defendant, who was 16 years of age when the crimes were

committed, maintains that his eligibility for youthful offender treatment should not have been predicated on the class A felony charged in the indictment but on the lower class felonies for which he was convicted (see *People v Brian R.,* 78 Misc 2d 616; see, also, CPL 720.10 [L 1971, ch 981, as amd by L 1975, ch 832]). The record reflects that the sentencing court did not consider defendant's eligibility for youthful offender status. On December 16, 1976 the Court of Appeals held in *People v Drummond* (40 NY2d 990) that the limitations in CPL 720.10, which condition eligibility for youthful offender treatment on the highest count of the indictment, violate due process of law and to that extent are unconstitutional. The order of this court entered on January 19, 1979 is therefore vacated and the matter remitted to Erie County Supreme Court for consideration of the defendant as a youthful offender and for resentencing as the sentencing court may in its discretion impose in accordance with CPL 720.20. Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.